UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NEDERLAND JEWELERS LLC**             **CASE NO. 2:21-CV-01431**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**GREAT AMERICAN INSURANCE CO OF       MAGISTRATE JUDGE KAY
NEW YORK**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 20] filed by defendant Great American Insurance Company of New York ("Great American") and seeking dismissal of plaintiff's claims of insurance coverage for consequential loss. Plaintiff Nederland Jewelers, LLC ("Nederland") opposes the motion. Doc. 23.

### I.
#### BACKGROUND

This suit arises from plaintiff Nederland's claims against a property and inland marine insurance policy issued by defendant Great American, which was in effect at all relevant times in this matter. Nederland owns and operates a jewelry store in Lake Charles, Louisiana. An armed robbery occurred at the store on June 3, 2020, in which the four suspects smashed display cases and took several Rolex watches, among other items. *See* doc. 23, atts. 2 & 3 (police report and photographs). Law enforcement arrested the suspects soon after the robbery, recovering all but two of the watches. Doc. 20, att. 2. Nederland then filed a claim under its policy with Great American, seeking to recover for the missing watches and for the loss of value to the Rolex watches that had been returned as well as

those that had remained in the display case. *Id.* Great American made partial payment but claimed insufficient information to determine coverage for some of the amounts. *Id.*

Nederland then filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, raising claims for breach of insurance contract and bad faith under Louisiana law. Doc. 1, att. 1. Relevant to this motion, Nederland alleges that "[a]s a result of this robbery, the damaged watches can no longer be sold as Rolex products and have lost their original value due to damages sustained." It seeks damage, *inter alia*, for "loss of use" and "depreciation." *Id.* at ¶¶ 3, 9. Great American removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. It now moves for partial summary judgment on Nederland's entitlement to coverage for consequential damages, asserting that such losses are not covered under the policy. Doc. 20. Nederland opposes the motion, arguing that the damage to the watches was not a "consequential loss" and that it is entitled to recover for the loss in value to the watches. Doc. 23.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy must be given their generally prevailing meaning and "interpreted in light of the other provisions so that each

is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050).

While the insured must show that a claim falls within a policy's terms, the insurer bears the burden of showing that an exclusion applies. *Doerr v. Mobil Oil Corp.*, 774 So.2d 119, 124 (La. 2000). Ambiguities in the policy, including within an exclusionary clause, must be construed against the insurer and in favor of coverage. *Coleman*, 418 F.3d at 517. The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Under its "Jewelers Block Coverage Form," Great American's policy provides that it will pay for "direct physical loss of or damage to Covered Property from Covered Causes of Loss." Doc. 20, att. 4, p. 24. The parties do not dispute that the Rolex watches stocked by Nederland are covered property. "Covered Causes of Loss," meanwhile, is defined as "Direct Physical Loss or Damage to the Covered Property except those causes of loss listed in the exclusions." *Id.* at 25. Among the exclusions, Great American states that it will not pay for "loss or damage caused by or resulting from . . . [d]elay, loss of use, loss of market or any other consequential loss." *Id.* at 27.

Great American relies on this exclusion for the position that, while it is liable for repair costs for the watches that were damaged during the robbery, it is not liable for any diminution in their value. Nederland maintains that the provision is ambiguous and that the physical damage to the watches is inseparable from their resulting decrease in value.

4

"Insurance companies in Louisiana are permitted to exclude coverage for consequential damages as a result of damage to property." *Barry Concrete, Inc. v. Martin Marietta Materials, Inc.*, 2008 WL 1885326, at *2 (M.D. La. Apr. 28, 2008). Reviewing such a provision, the Fifth Circuit delineated between actual losses and consequential damages as follows:

> According to *Black's [Law Dictionary]*, "actual loss" is "[a] loss resulting from the real and substantial destruction of insured property." *Black's* makes reference to "actual loss" when it defines "actual damages" as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." In contrast, *Black's* separately defines "consequential loss" as "[a] loss arising from the results of damage rather than from the damage itself," and notes that it is "[a]lso termed *indirect loss; consequential injury.*" According to *Black's*, "consequential damages" entail "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act." A plain reading of "actual loss or damage" does not include "consequential loss" or "consequential damage."

*First Am. Bank v. First Am. Title Ins. Co.*, 585 F.3d 833, 839 (5th Cir. 2009).

The concept appears more frequently in the case law under loss of use cases. A few courts have distinguished between repair/replacement costs and damages based on the diminished value of the repaired item.[1] *See, e.g.*, *Holder v. State Farm Fire & Cas. Co.*, 2021 WL 4929493, at *5 (S.D. Miss. Oct. 21, 2021) (excluding damages for diminished value of home where policy only provided for repair/replacement costs); *Davis v. Farmers Ins. Co. of Ariz.*, 142 P.3d 17, 20 (N.M. Ct. App. 2006) ("Plaintiff's loss of market value cannot be shoe-horned into the coverage for direct damage to his truck.") In this case,

---

[1] Great American also cites *Admiral Ins. Co. v. Little Big Inch Pipeline Co., Inc.*, where the court held that diminution in value to an adjacent property was "consequential economic damage[]" that was nevertheless covered by the property damage terms of a policy. 523 F.Supp.3d 524, 539 (W.D. Tex. 2007). Because the "consequential damage" occurred on a separate piece of property from the one insured under the policy, the court finds that case of little persuasive value.

however, where the insured property is the merchant's stock in trade, the court finds a much closer question in whether a diminution in market value following covered direct physical damage is properly excluded as a consequential loss.

Nederland purchased coverage as a jeweler, with the obvious intent of selling its insured property rather than keeping it as an heirloom. Great American asserts that any diminution in value—not merely those resulting from changes in market conditions or loss of use—is a consequential damage excluded by the terms of the policy. But if the watches cannot be resold for close to their original value after these repairs, then it calls into question whether the repairs themselves offered the coverage contemplated by the policy. Accordingly, the court finds that the exclusion cannot be read as barring all coverage for the watches' decrease in value following repair.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 20] will be denied.

**THUS DONE AND SIGNED** in Chambers on this 11th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**