UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NEDERLAND JEWELERS L L C**          **CASE NO. 2:21-CV-01431**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**GREAT AMERICAN INSURANCE CO OF**     **MAGISTRATE JUDGE KAY**
**NEW YORK**

## MEMORANDUM RULING

Before the Court is "Great American's Motion for Partial Summary Judgment" [Doc. 36]. Defendant Great American Insurance Company of New York ("Great American") seeks the dismissal of the following claims of Plaintiff Nederland Jewelers, LLC ("Nederland"): (1) Nederland's claims for breach of contract based on an alleged failure by Great American to pay for two unrecovered, stolen watches and to pay for the actual repair costs for 48 other damaged watches; (2) Nederland's claim for damages due to the termination of its Rolex franchise; and (3) Nederland's claim for the diminished value damages for the 48 damaged watches.

Nederland opposes this motion [Doc. 42-1] and Great American has submitted reply memoranda [Doc. 43]. As such, this matter is fully briefed and ready for ruling.

## FACTUAL STATEMENT

This suit arises from plaintiff Nederland's claims against a property and inland marine insurance policy issued by defendant Great American, which was in effect at all relevant times in this matter. Nederland owns and operates a jewelry store in Lake Charles, Louisiana. An armed robbery occurred at the store on June 3, 2020, in which the four

suspects smashed display cases and took several Rolex watches, among other items. Docs. 23-2; 23-3 *police report and photographs.* Law enforcement arrested the suspects soon after the robbery, recovering all but two of the watches. Doc. 20-2. Nederland then filed a claim under its policy with Great American, seeking to recover for the missing watches and for the loss of value to the Rolex watches that had been returned as well as those that had remained in the display case. *Id.* Great American made partial payment but has claimed insufficient information to determine coverage for some of the amounts. *Id.*

Nederland then filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, raising claims for breach of insurance contract and bad faith under La. R.S. 22:1892 and La. R.S. 22:1973. Doc. 1-1. Relevant to this motion, Nederland alleges that "[a]s a result of this robbery, the damaged watches can no longer be sold as Rolex products and have lost their original value due to damages sustained." It seeks damage, inter alia, for "loss of use" and "depreciation." Id. at ¶¶ 3, 9. Great American removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Great American now moves for summary judgment arguing that the facts established in this mater show that Nederland cannot carry its burden of proof with respect to its claims for: (1) damages for two unrecovered watches and for the cost of repairs to 48 recovered Rolex watches involved in the Lake Charles robbery; (2) damages due to Rolex's termination of its franchise agreement with Nederland, which Nederland claimed was terminated as a result of the robbery and Great American's subsequent adjustment of Nederland's claim; and (3) damages representing the "diminished value" of the same 48 Rolex watches, which Nederland claims resulted from the robbery and requiring repairs.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

*Lost Watches and Repair Costs*

Plaintiffs allege that Great American failed to pay the full amount of its damages as required under the terms of the policy by failing to tender timely payment for the two Rolex watches not recovered after the robbery and for the cost of repairs performed by Plaintiff on the 48 Rolex watches damaged in the Lake Charles robbery. Great American argues that the deposition testimony of Allyson Gentil, Matt Beaver, and Brad Gohlke shows that Plaintiff failed to provide documentation of the actual cost of its repairs until the deposition of Jared Anderson on May 23, 2022. Great American maintains that thereafter, the repair costs were promptly and fully paid by Great American. Great American also asserts that it tendered not only payment, but overpayment for the two Rolex watches not recovered and as such, Great American argues that it is entitled to a $22,262 credit on that basis.

Plaintiff Nederland disputes this and maintains that Nederland has never received or cashed any payment regarding the alleged November payment, and there is no evidence other than an email dated November 2, 2020, to show that any check was sent by Great American. Doc. 42-2 *Email from Allyson Gentil.* Nederland asserts that there is no copy of the check, no cover or transmittal letter, and no internal Great American documentations. Further, even if the check was sent, it was because Great American was presented with the claim and knew the value of the claim as shown by Great American emails more than sixty days earlier. *Id.*

Nederland argues that any damages associated with Great American's failure are also recoverable, in addition to the penalties and attorney's fees associated with bad faith

statutes. Nederland maintains that, as such, the claims regarding the two lost watches are still unresolved, until the penalty and damages questions are decided at trial.

Nederland further argues that pertaining to what is still owed concerning repairs on the returned damaged watches, there is much in dispute as to whether Great American agreed to use the Rolex Schedule of Charges for the reimbursement claim of Nederland regarding the "in house" repair of the watches.

As shown in Doc. 42 *Opposition Statement of Facts from Plaintiff Nederland*, Mr. Murphy, one of Nederland's owners, discussed the manner in which the watches could be refurbished and repaired with Great American's representative, Mr. Gohlke. Mr. Murphy also discussed the circumstances with a Rolex representative, who agreed to allow Nederland to repair the watches "in house" as Nederland is a certified repair center. Doc. 42 pp. 3.

The Great American policy states:

> **E. Additional Conditions**
> **1. Valuation**
> General Condition F. Valuation in the Commercial Inland Marine Conditions is replaced by the following:
> The value of property will be the least of the following amounts:
> a. The actual cash value of that property;
> b. The cost of reasonably restoring that property to its condition immediately before loss or damage. . .

Nederland argues that this provision is similar to the policy provision regarding the circumstance of an insured being paid a settlement and then the property is recovered which states, Great American will pay "… the expenses to repair the recovered property." Doc. 42-5 *Valuation Excerpt from Insurance Policy*. As such, Nederland argues that Great American should pay the reasonable market repair costs for hiring a professional to

effectuate the repairs, not some discounted amount that the insured must find based on actual parts costs and hourly labor rates.

Nederland further argues that there is no policy language defining or further explaining what "cost of reasonably restoring" means in the "valuation" provisions. Nederland maintains that it is reasonable to expect that Great American will have to reimburse Nederland for the market costs that any customer would have to pay a professional certified person for refurbishing and repairing a luxury item such as a Rolex watch.

Great American argues that it never consented to the use of the Rolex schedule and that the Gohlke report cited by Nederland is an independent adjuster's report in no way capable of binding Great American. Great American argues that it repeatedly requested repair documentation, which serves as evidence that it did not consent to the Rolex schedule, as this request would have been superfluous had Great American intended to pay repair costs based on the Rolex schedule.

The Court finds that there are genuine issues of material fact for trial as to the issue of the unrecovered watches and the actual repair costs. As such, the Court finds that summary judgment is inappropriate at this time on these issues.

### *Loss of Rolex Franchise*

Plaintiff also seeks to recover damages for the loss of its franchise relationship with Rolex Watches U.S.A. Nederland claims that its Sales Agreement with Rolex was terminated "due to the robbery, interruption of retail Rolex watch sales, and interruption of purchases inventory from Rolex caused by the delayed insurance payment on Nederland's claim." Doc. 36-7 *Plaintiff's Answer to Interrogatory No. 10*. Great American argues that

Nederland cannot produce any evidence showing that Rolex's decision to terminate their relationship had anything to do with the Lake Charles robbery, its purchase of or failure to purchase Rolex inventory, or any allegedly delayed insurance payments.

Great American further argues that deposition testimony given by Rolex Watches, U.S.A.'s corporate representative, Cliff Cook, directly contradicts this allegation.

> Q. What were the business considerations that led Rolex to decide to terminate [Plaintiff's] Official Rolex Jeweler Sales Agreement?
>
> A. It was really market conditions.
>
> Q. Market conditions in the Lake Charles area?
>
> A. Market conditions in the United States.
>
> ***
>
> Q. Did the fact that there had been a burglary at the Nederland Jewelers, Lake Charles, Louisiana, store have any relevance or impact or effect at all on the decision to terminate that location's account?
>
> A. It played no role.
>
> ***
>
> Q. Other than the market conditions in the United States that you referred to earlier, is there any other reason you can tell us today why Rolex made the decision to terminate the Official Rolex Jeweler Sales Agreement with the Nederland Jewelers location in Lake Charles, Louisiana.
>
> A. No other reason.

Doc. 37-1. *Deposition of Rolex Watches, USA representative Cliff Cook at 30:12-17; 31:14-19; 32:4-11.*

Great American argues that Nederland can produce no evidence to call into question Mr. Cook's statement that the termination of Plaintiff's Rolex Sales Agreement had nothing to do with the robbery. As such, Great American argues it is entitled to Summary Judgment dismissing Nederland's claim for damages due to its lost Rolex franchise.

Nederland responds in its opposition agreeing that it has no further evidence to support this claim, though Nederland maintains that it knows the robbery and its aftermath, which included Great American's resistance to pay the claim, was related in large part to Rolex's decision to dissolve its Lake Charles presence.

Summary judgment pursuant to Rule 56 should be rendered if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001). The moving party's burden is satisfied simply by showing that there is "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Vera v. Tue,* 73 F.3d. 604, 607 (5th Cir. 1996). Because Nederland is incapable of producing any evidence to prove causation, this Court finds that Great American is entitled to summary judgment dismissing Nederland's claim for damages due to its lost Rolex franchise.

***Diminished Value of Damaged and Repaired Watches***

Great American argues that Plaintiff Nederland cannot show that its claim for diminished value is susceptible of proof to a reasonable certainty and should be precluded from offering probative evidence to support its claim. Great American maintains that in support of Nederland's claim for the diminished value of the repaired watches, Plaintiff has provided little more than conclusory allegations. Great American argues that Nederland was obligated under the policy to "keep accurate records of your business and retain them for three years after the policy ends" including "an itemized inventory of your stock in trade" and "records of all purchases and sales, whether cash or credit." Great American

argues that Nederland's failure to comply with this condition alone merits the dismissal of the diminished value claim.

Great American previously moved for summary judgment on the issue of Plaintiff's diminished value claim. Doc. 20. In its memorandum ruling denying Great American's motion, this Court stated:

> Nederland purchased coverage as a jeweler, with the obvious intent of selling its insured property rather than keeping it as an heirloom. Great American asserts that any diminution in value—not merely those resulting from changes in market conditions or loss of use—is a consequential damage excluded by the terms of the policy. But if the watches cannot be resold for close to their original value after these repairs, then it calls into question whether the repairs themselves offered the coverage contemplated by the policy. Accordingly, the court finds that the exclusion cannot be read as barring all coverage for the watches' decrease in value following repair.

Doc. 25 at p. 6.

Great American now argues that Nederland's ability to recover the diminished value damages alleged hinges on its ability to prove that the 48 repaired watches were not sold for their original value.

This Court has already ruled that the Great American policy cannot be read to not cover the loss of value or diminished value of the damaged Rolex watches, which was covered by the policy.

Great American's new argument in its motion is that since Nederland does not have the sales receipt for each watch that it sold, it cannot prove the claim for diminished value. Nederland argues that to prove the claim of diminished value, the existence of the watches as inventory was proven by Nederland through the detailed inventory sent to Mr. Gohlke who had the report in his possession was early as June 25, 2020. The existence of the

watches has never been at issue and this fact distinguishes the instant case from the authority cited by Great American in its supporting memorandum.

The Court recognized that Nederland was selling the watches in the aftermath of hurricane Laura, without the use of computers and other facilities. While Nederland did keep records of the sales it made during this time, the sales recipes cannot be tied to the specific sale of an individual repaired Rolex watch. Doc. 42-5 *Receipts of sales.*

Nederland argues that Louisiana law, pursuant to La. C.C. art. 1999, provides for courts to have discretion to fashion an award for damages when the exact amount of the loss cannot be exactly calculated. "Where there is a legal right to recovery but the damages cannot be exactly estimated, the courts have reasonable discretion to assess same based upon all of the facts and circumstances of the case." *Jordan v. Travelers Ins. Co.*, 245 So.2d 151, 156 (La. 1974). As such, Nederland argues that the lack of specific watch sales records is therefore not fatal, and as a matter of law, Great American is not entitled to summary judgment on this issue.

Great American argues that La. C. C. art 1999 is appropriately applied not to damages which have simply not been precisely measured, but to damages which are insusceptible of precise measurement. Great American maintains that Nederland's diminished value claim is not insusceptible of precise measurement, and as the watches have been sold, any loss resulting from such sale is in the nature of a measurable and concrete precise dollar value.

The Court finds that there is a genuine issue of material fact for trial regarding the diminished value of the watches sold and that testimony will show that the watches were sold, for which the jury can determine the percentage of losses. Nederland' s burden is by

a preponderance of evidence, which will be determined at trial with the use of the records, both Great American's and Nederland's, expert testimony, and Mr. Murphy's testimony. As such, the Court finds that summary judgment is inappropriate at this time on the issue of the percentage of losses.

## CONCLUSION

For the reasons set forth above, "Great American's Motion for Partial Summary Judgment" [Doc. 36] will be **DENIED IN PART** and **GRANTED IN PART.**

This Motion will be **DENIED** as to the issues of the unrecovered watches and the actual repair costs, and the diminished value of damaged and repaired watches. This motion will be **GRANTED** as to the issue of the loss of the Rolex franchise.

**THUS DONE AND SIGNED** in Chambers this 12th day of September, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**